

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FERNANDO TATIS<br>Cote Des Neigs<br>Montreal, Quebec<br>Canada<br><br>       Plaintiff,<br><br>vs.<br><br>U.S. BANCORP, d/b/a US Bank.<br>as successor to FIRSTAR BANK, N.A.<br>425 Walnut Street<br>Cincinnati, Ohio 45202<br><br>       Defendant. | Case No. C-1-03-378<br><br>Judge J. BECKWITH<br><br>Magistrate<br>    M. J. SHERMAN<br><br><br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON** |

The plaintiff, Fernando Tatis, through counsel and for his complaint against U.S. Bancorp as successor in interest to Firstar Bank, N.A., states the following:

**Parties, Jurisdiction and Venue**

1. At all material times the plaintiff Fernando Tatis ("Tatis") was and is a Major League professional baseball player with the Montreal Expos. He maintains a residence in Montreal, Canada, as well as the Dominican Republic and is sui juris. He is not a native of the United States and English has never been his primary language.

2. At all material times Firstar Bank was a federally regulated and licensed financial institution and, upon information and belief, was organized and existed under the laws of the State of Ohio. Upon further information and belief, Firstar was acquired by or merged with U.S. Bancorp, d/b/a US Bank. U.S. Bancorp, d/b/a US Bank, is the successor in interest to Firstar for all liability and damages alleged herein. U.S. Bancorp, d/b/a US Bank, is a federally regulated and licensed financial institution organized and existing under the laws of the State of Minnesota. Firstar and U.S.

Bancorp d/b/a US Bank are hereafter referred to collectively as "Firstar" or "defendant."

3. Tatis was a customer of Firstar and maintained accounts at Firstar's offices located at 425 Walnut Street, Cincinnati, Ohio 45202, as more fully described below.

4. The amount in controversy, exclusive of attorneys' fees, costs, or prejudgment interest, exceeds the sum of $75,000.00.

5. This Court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.

6. Venue is properly laid before this Court in that the plaintiff's accounts with Firstar, and some or all of Firstar's conduct giving rise to this action, were located or occurred in Cincinnati, Ohio and within the Southern District of Ohio, Western Division.

### Facts Common to All Claims

7. Firstar operated and promoted a special Professional Sports Division within the bank catering to the particular needs of high-income, frequent traveler professional athletes. Firstar's Professional Sports Division offered programs to athletes including managed checking and money market accounts, other investment accounts, linked overdraft protection, and other financial services. Firstar solicited these services to many professional baseball, basketball, and football players, including Tatis.

8. Prior to April, 2001, Tatis opened several different accounts with Firstar's Professional Sports Division, including both checking and investment fund personal services accounts, some held individually and others held jointly with his wife.

9. As part of the special services provided by Firstar to Tatis, the Professional Sports Division handled any monthly checking account reconciliation for Tatis. To do this, Firstar sent the

monthly checking account statements generated by one department of the bank, not to the customer Tatis, but instead to Firstar's Professional Sports Division in care of its Cincinnati-based Division Manager, J. Jonathan Hayes ("Hayes").

10. Hayes regularly conducted banking business with, and on behalf of, many athletes and their sports agents as a special service offered by Firstar. Hayes and his staff routinely received monthly bank statements on behalf of Firstar's Professional Sports Division account holders, including Tatis.

11. On or about April 4, 2001, Tatis opened as one of his several accounts with Firstar personal checking Account No. 792822785 ("the Tatis checking account"). The Tatis checking account was linked to other Tatis accounts to provide overdraft protection in the event of any checks being presented without sufficient funds in the account at the time of presentation. The Professional Sports Division held authority to make any transfers necessary from time to time for this overdraft protection purpose.

12. Firstar's Professional Sports Division and Hayes in Cincinnati were named as the addressee on the Tatis checking account for the mailing of the monthly statements. A true and correct copy of the account opening card for the Tatis checking account is attached as Exhibit A to this complaint.

13. Tatis was the sole party authorized to sign checks or withdrawals from the Tatis checking account. A true and accurate copy of Firstar's "authorized signature" card containing Tatis's signature and certifying that he was the sole authorized signer on the Tatis checking account is attached as Exhibit B to this complaint.

14. Coincident with the opening of the Tatis checking account and as is customary in the

3

banking industry, Firstar provided Tatis with several "starter" checks for his general use until an order of checks preprinted with his name and address could be created by Firstar's check printing vendor and sent to Tatis at his Montreal residence.

15. Close in time to the opening of the Tatis checking account, Tatis began the 2001 Major League Baseball season with regular travel throughout the United States and Canadian cities where the Montreal Expos played, as well as to Latin America and those other places to which he and his family would travel from time to time.

16. Tatis wrote and signed the several starter checks as he traveled, which checks were duly negotiated, presented, and cleared by Firstar in the ordinary course of business.

17. Sometime thereafter, Firstar's check printing vendor mailed one or more boxes of preprinted checks for the Tatis checking account to the Tatis residence in Montreal.

18. Unbeknownst to Tatis, a maintenance worker/handyman acquaintance of Tatis's named Juan Carlos Ortiz Paredes ("Paredes") was present at Tatis's residence when the boxes of checks for the Firstar Tatis checking account arrived. Without Tatis's knowledge, permission, acquiescence, or authority, Paredes took one or more boxes of checks and over the next several months, from August, 2001 until November, 2001, proceeded to write numerous checks made payable to various parties, including merchants, to the order of cash, and to Paredes himself. Paredes forged Tatis's signature on all these checks, all without Tatis's knowledge, permission, acquiescence or authority.

19. Firstar received for payment and accepted as authentic each of these forged checks as payor bank, and paid them from funds in Tatis's checking and other accounts.

20. At various times throughout the Fall of 2001, Firstar made transfers of various sums

4

of money from Tatis's investment or other accounts into the Tatis checking account to cover overdrafts resulting from Firstar's honoring and clearing of the checks forged by Paredes.

21. Paredes wrote these checks in escalating frequency without regard to whatever account balances existed in Tatis's account. Firstar paid these checks by transferring large lump sums of money from time to time from Tatis's other accounts to cover overdrafts in the Tatis checking account created by Firstar's honoring and payment of the forged checks. But for these transfers of funds by Firstar, the majority of these checks would have been returned unpaid for insufficient funds.

22. From September 2001 until the Paredes forgeries were discovered in December, 2001, Firstar honored these forged checks with other Tatis funds and also charged the Tatis checking account or other related Tatis family accounts overdraft and other charges, in amounts totaling, as near as presently can be determined, in excess of $125,000.00.

23. Paredes has admitted his forgeries and that he committed them without the knowledge, authorization or complicity of Tatis.

24. Tatis at no time ratified the unauthorized signature of Paredes on any such checks, and received no benefit from them.

25. Tatis acted with reasonable dispatch in timely reporting these forged checks and the account discrepancies to Firstar when such unauthorized use of the Tatis checking account was uncovered in or about December, 2001.

26. Tatis has made demand upon Firstar to credit his accounts with all sums charged against them relating to the forged checks that Firstar honored and paid, including the amounts of all forged checks; all overdraft, NSF, transfer, or other charges; as well as reimbursement for interest on all these sums, all of which Firstar has refused or failed to do.

27. All conditions precedent to the filing of this action have been performed, excused, satisfied, or waived.

### Count One - Breach of Contract

28. Tatis incorporates each of the foregoing allegations as if fully restated herein.

29. As payor bank, Firstar had a contractual obligation to verify the authenticity of Tatis's signature on any and all checks presented against the Tatis checking account, and to take all necessary actions not to honor or otherwise debit the Tatis checking account for any checks bearing an unauthorized signature.

30. Firstar breached such contractual duties by honoring or otherwise accepting and clearing for debiting against the Tatis checking account, each and all those checks upon which Paredes had forged Tatis's signature or otherwise contained an unauthorized signature.

31. As a direct and proximate result of Firstar's breach of contract, Tatis has been damaged in an amount to be determined at trial, but in excess of $125,000.00.

### Count Two - Negligence

32. Tatis incorporates each of the foregoing allegations as if fully restated herein.

33. As payor bank, Firstar owed a duty of care towards Tatis to verify the authenticity of Tatis's signature on any and all checks presented against the Tatis checking account, and to take all necessary actions not to honor or otherwise debit the Tatis checking account for any checks bearing an unauthorized signature.

34. Firstar breached such duty of care by honoring or otherwise accepting and clearing for debiting against the Tatis checking account, each and all those checks upon which Paredes had forged Tatis's signature or otherwise contained an unauthorized signature.

35. Firstar's breach of such duty of care owed towards Tatis constitutes negligence.

36. As a direct and proximate result of Firstar's negligence, Tatis has been damaged in an amount to be determined at trial, but in excess of $125,000.00.

### Count Three - Statutory Liability

37. Tatis incorporates each of the foregoing allegations as if fully restated herein.

38. Pursuant to the Uniform Commercial Code as adopted in Ohio, and in particular pursuant to Ohio Revised Code §§ 1303.03.41(A), 1303.43, and 1304.30(A) and (B), Firstar is liable to Tatis for conversion and for wrongfully honoring any checks that did not bear his signature.

39. Tatis was not provided bank statements on a monthly basis as may have been routinely provided a typical checking account customer because of the manner in which Firstar's Professional Sports Division accounts were managed. Rather, the monthly statements were sent to Firstar's own agent and employee, Professional Sports Division Manager, Hayes, for review and reconciliation. Accordingly, Tatis was not in a position, nor under any duty, to more timely discover or report the unauthorized signatures on the checks forged by Paredes.

40. As a direct and proximate result of Firstar's breach of its statutory duties owed towards Tatis, Tatis has been damaged in an amount to be determined at trial, but in excess of $125,000.00.

### Prayer for Relief

WHEREFORE, the plaintiff Fernando Tatis demands relief against the defendant U.S. Bancorp, d/b/a US Bank, as successor to Firstar Bank, N.A., as follows:

1. An award of compensatory damages in an amount to be determined at trial, but in excess of $125,000.00;

7

2. An award of prejudgment interest upon all amounts improperly paid out of or charged to Tatis's checking and other accounts; and

3. An award of costs and expenses of this action, including reasonable attorneys' fees, together with any and all other legal and equitable relief to which he may be entitled.

### Jury Demand

The plaintiff hereby demands a jury trial upon all issues herein.

Respectfully submitted,

*/s/ Kenneth G. Hawley*

Kenneth G. Hawley (0031772)
Trial Attorney for Plaintiff Fernando Tatis
1400 Fourth and Race Tower
105 West Fourth Street
Cincinnati, Ohio 45202
Ph: (513) 721-1405
Fax: (513) 721-0519

OF COUNSEL:
Steven G. Schwartz, Esq.
Schwartz & Horwitz
3301 N. W. Boca Raton Blvd., Suite 200
Boca Raton, Florida 33431
Ph: (561) 395-4747
Fax: (367) 1550

| | | | | |
|---|---|---|---|---|
| BANK, N.A. | | SOL | AC # 792822785 | |
| NAME FERNANDO TATIS | | | | |
| AC NAME 2 | | | | |
| SS# 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 | DOB 1/01/2001 | MOTHERS MAIDEN NAME UNKNOWN | | |
| STREET ADDRESS C/O FIRSTAR PRO SPORTS- JON HAYES | | | | HOLD ☐ |
| CITY CINCINNATI | STATE OH ZIP 452020000 | HOME PHONE 613-632-2999 | | ADDRESS VERIFIED ☐ |
| Own  NO YEARS | MORTGAGE HOLDER OR LANDHOLDER | | | |
| PREVIOUS ADDRESS (IF LESS THAN 2 YEARS) | | | | NO. YEARS |
| ID TYPE STATE IDENTIFICATION | | | ISSUE DATE | |
| EXP DATE | | CARD NO. CUSTOMER | | |
| EMPLOYED BY N/A | | | VERIFIED | NO YEARS |
| EMPLOYER ADDRESS | | | BUSINESS PHONE | |
| SS# -00-0000 | DOB | MOTHERS MAIDEN NAME | | |
| STREET ADDRESS | | | | HOLD ☐ |
| CITY | STATE  ZIP | HOME PHONE | | ADDRESS VERIFIED ☐ |
| NO. YEARS | MORTGAGE HOLDER OR LANDHOLDER | | | |
| PREVIOUS ADDRESS (IF LESS THAN 2 YEARS) | | | | NO. YEARS |
| ID TYPE | | | ISSUE DATE | |
| EXP DATE | | CARD NO. | | |
| EMPLOYED BY | | | VERIFIED | NO. YEARS |
| EMPLOYER ADDRESS | | | BUSINESS PHONE | |

| TYPE | BALANCE CHECKING | SIGNATURES REQUIRED | EXISTING CUST | COURTESY CARD | ISSUED NEW ATM CARD | MAINT EXISTING ATM CARD |
|---|---|---|---|---|---|---|
| OF OWNERSHIP | Individual | | LINE OF CREDIT $ | | | OFFICE 03049 |
| CHEXSYSTEMS VERIF ☒ YES ☐ NO | | RECORD ☐ YES ☒ NO | INITIAL | SS# ISSUE YEAR & STATE 1994 IN TX | | |
| AMOUNT OF INITIAL DEPOSIT $ 400.00 | | AMOUNT OF CHECK $ | | BANK | | |
| DATE OPENED 20010404 | | TIME OPENED 16:55 | OPENED BY BREHM DEBORAH | | | |

EXHIBIT "A"

**STAR**

THE BANK IS HEREBY AUTHORIZED TO RECOGNIZE THE SIGNATURE(S) SUBSCRIBED BELOW IN THE PAYMENT OF FUNDS OR T. TRANSACTION OF ANY BUSINESS FOR THIS ACCOUNT. ALL TRANSACTIONS SHALL BE GOVERNED BY APPLICABLE LAWS AND THE BANK'S TERMS (COPY ACKNOWLEDGED AS RECEIVED HEREWITH) THAT PERTAIN TO THE TYPE OF ACCOUNT AND STYLE OF OWNERSHIP INDICATED ON THIS CARD. UPON THE REQUEST OF THE BANK, ANY CONSUMER REPORTING AGENCY IS HEREBY INSTRUCTED TO FURNISH A CONSUMER REPORT RELATING TO THE UNDERSIGNED TO THE BANK. REFER TO RESOLUTION FILE FOR AUTHORIZATION OF SIGNATURES WHERE AUTHORIZATION IS REQUIRED.

| | | |
|---|---|---|
| ☒ MR. ☐ MRS. | ☐ MS ☐ MISS | **ACCOUNT NAME 1** Fernando Tatis |
| ☐ MR. ☐ MRS. | ☐ MS ☐ MISS | **ACCOUNT NAME 2** |
| ☐ MR. ☐ MRS. | ☐ MS ☐ MISS | **ACCOUNT NAME 3** |
| ☐ MR. ☐ MRS. | ☐ MS ☐ MISS | **ACCOUNT NAME 4** |
| ☐ MR. ☐ MRS. | ☐ MS ☐ MISS | **ACCOUNT NAME 5** |

REMARKS

Certification.- Under penalties of perjury, I certify that:
(1) The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me) and
(2) I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the IRS has notified me that I am no longer subject to backup withholding (does not apply to real estate transactions, mortgage interest paid, the acquisition or abandonment of secured property, contributions to an individual retirement arrangement (IRA) and payments other than interest and dividends).
Certification Instructions.-You must cross out Item (2) above if you have been notified by IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return.

Certification Signature: _____

4780R8 12/88

**EXHIBIT "B"**

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

-1-03    378

A. BECKWITH M.J. SHERMAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fernando Tatis

## DEFENDANTS
U.S. Bancorp d/b/a US Bank, successor to Firstar Bank, N.A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Montreal, CAN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
See attachment

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 125,000
(in excess of)

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5-22-03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ERN DISTRICT OF OHIO
100 EAST FIFTH STREET, ROOM #324
CINCINNATI, OHIO 45202

OFFICIAL BUSINESS

```
Thu May 22 16:50:06 2003

     UNITED STATES DISTRICT COURT

       CINCINNATI, OH

Receipt No.   100 419002
Cashier       sw1

Check Number: 208

DD Code    Div No
4661         1

Sub Acct Type Tender      Amount
1:510000  N     2          90.00
2:086900  N     2          60.00

Total Amount         $    150.00

KENNETH HAWLEY

FILING FEE C-1-03-378




Thu May 22 16:50:06 2003

Check No.  208
Amount$    150.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4681
```